IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CFL TECHNOLOGIES LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>GENERAL ELECTRIC COMPANY and<br>GE LIGHTING, LLC,<br><br>        Defendants. | C.A. No. 18-1444-RGA |

## SCHEDULING ORDER

This 17th day of September, 2019, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

    1.    <u>Rule 26(a)(l) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within 30 days of the date of this Order.

    2.    <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before October 13, 2020.

1

3. Discovery.

Defendants' Position on Bifurcation of Discovery:

A bifurcated discovery schedule that prioritizes discovery of Patentee's failure to mark under 35 U.S.C. § 287 over all other issues in this case will conserve both judicial resources and the resources of the parties. Each asserted patent contains only apparatus claims and expired prior to the filing of the Complaint on Sept. 17, 2018. Because every patent is expired, there can be no post-suit damages. Thus, whether Plaintiff has satisfied its obligation to comply with the marking statute is likely a case-dispositive issue because, absent compliance with the marking statute, Plaintiff is not entitled to any relief. *See, e.g., Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1327–28 (Fed. Cir. 2001) (affirming dismissal under Fed. R. Civ. P. 12(b)(6) and reasoning that "[b]ecause Uniboard's licensees did not mark their products and because Uniboard did not inform [defendants] of infringement before expiration of the '986 patent, § 287(a) prevents Uniboard from collecting damages"). Plaintiff will not suffer prejudice from this bifurcated schedule as no additional damages are accruing and because of the seven year delay between the *Therasense* decision in 2011 and the filing of these cases in 2018. Importantly, virtually all of the discovery necessary to assess Plaintiffs' failure to mark lies exclusively in Plaintiffs' control and should pose no burden.

Plaintiff alleges that they, and their predecessors in interest in the patents at issue, have complied with 35 U.S.C. § 287(a) and are entitled to pre-suit damages, which are the only damages available to Plaintiff. However, Plaintiff has not plead that their licensees complied with the marking statute. *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("A patentee's licensees must also comply with §

2

287, because the statute extends to 'persons making or selling any patented article for or under [the patentee].'"). It is undisputed that Phillips Electronics North America, Corp. ("Phillips") and Technical Consumer Products, Inc. ("TCP") are licensees to, at least, the '680 and the '681 Patents.[1] On information and belief, Phillips' and TCP's licenses cover all of the patents-in-suit. Phillips and TCP sold compact fluorescent lamps ("CFL") in the United States that are similar to the CFLs accused of infringement in this case before the patents-in-suit expired. Defendant General Electric Corp. ("GE") identified several dozen products sold by Phillips under authority of its license to the Nilssen patents. Plaintiff bears the burden of proof to show that its licensees complied with the marking statute or that the products identified by GE, if unmarked, do not fall within any claim of the patents-in-suit. *Arctic Cat Inc.*, 876 F.3d at 1369 ("It is the patentee who bears the burden of proving that it satisfied the marking requirements and thus the patentee who would have to prove that the unmarked products identified by the infringer do not fall within the patent claims.").

To conserve both the parties' and the Court's resources, Defendants seek an expedited discovery schedule regarding Marking as follows:

1. All discovery in this case related to Marking under 35 U.S.C. § 287 be initiated such that it will be completed on or before January 17, 2020.

2. Any dispositive motion related to Marking under 35 U.S.C. § 287, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before March 2, 2020.

---

[1] Defendants will make copies of the exhibits showing the existence of these licenses available for review at the Rule 16(b) scheduling conference.

3.  A status conference shall be held on April 6, 2020, to determine whether discovery on issues other than marking should proceed.

Plaintiff's Position on Bifurcation of Discovery:

Plaintiff opposes bifurcation because the marking issue Defendants intend to raise is nowhere near case dispositive.

First, each Defendant had notice of infringement at least within prior complaints filed over a decade ago for all but the '213 patent. This constitutes actual notice under the express words of 35 U.S.C. § 287, and commences the claimable damages period regardless of hypothetical alternative questions about whether marking additionally supplied constructive notice. Whether TCP or Philips sold products covered by the '464, '140, '681 or '680 patents is, thus, irrelevant. To the extent there may be a marking issue for the '213 patent, that would not warrant holding up the rest of the case.

Second, even if this case solely involved the '213 patent (which it does not), to ascertain whether a '213 patent licensee sold an unmarked product covered by a claim of a given patent requires a claim construction. The marking statute does not bar damages simply because a patent is licensed; rather, the licensee must actually sell products covered by the licensed patent. Without a claim construction, the Court likely cannot make that assessment. Relatedly, it is inefficient to have a claim construction without knowing what the validity, infringement and other claim coverage issues are. Otherwise, the court may be construing claim limitations that make no difference to disputed liability issues.

Third, defendants incorrectly state that CFLT possesses "virtually all the discovery necessary to assess ... failure to mark...." CFLT does possess license

agreements. But the merits issue is whether a licensee (*e.g.*, TCP or Philips) sold licensed products covered by a licensed patent. Most likely, third party discovery by defendants (*e.g.*, of TCP and Philips) will be necessary for defendants to acquire samples and/or other product information sold during the relevant time periods to sustain their burden of production that would permit the Court to determine claim coverage. In the *Arctic Cat* decision cited by Defendants, the Federal Circuit warned, "Permitting infringers to allege failure to mark without identifying any products could lead to a large scale fishing expedition and gamesmanship." *Arctic Cat v. Bombardier Recreational Prods.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). This is why the alleged infringer bears the burden of production to identify unmarked licensee products that it has a good faith basis to "believe[] practice[s] the patent." *Id.* Note that this burden of production requires a true "belief" by the alleged infringer about claim coverage, not merely an arguendo adoption of patentee contentions about Defendants' infringement. This will beneficially minimize alleged infringer "gamesmanship" over the issue that the Federal Circuit disdains.

In short, nothing about the marking defense in this litigation makes it case dispositive, or a reasonable candidate for bifurcation and additional delay in bringing this litigation to a resolution.

4. Proposed Schedule Absent Bifurcation:

  a. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before December 14, 2020.

  b. <u>Document Production</u>. Document production shall be substantially complete by August 28, 2020.

    c. <u>Requests for Admission</u>. A maximum of 50 requests for admission are permitted for each side. Requests for admission relating to authentication of documents are not included in this limit.

    d. <u>Interrogatories</u>. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

    e. <u>Depositions</u>.

     i. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination, including pursuant to Rule 30(b)(6).

     ii. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. The Parties stipulate that the deposition of any fact witness, including witnesses being deposed pursuant to Rule 30(b)(6), will take place within the district in which they reside, unless the parties agree otherwise or by Court order.

    f. <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than forty-eight hours prior to the

conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

5. <u>Default Standard for Discovery; Case Narrowing</u>. The Parties agree that the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") in the District shall apply to this action. In their initial infringement chart, Plaintiff shall narrow the claims asserted against each Defendant Group to no more than 25 total claims.

6. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

<u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from

finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

7. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

8. <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

9. <u>Claim Construction Issue Identification</u>. On or before May 22, 2020, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than June 12, 2020. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those

portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

      10.    <u>Claim Construction Briefing</u>. The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on June 26, 2020. The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on July 17, 2020. The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on July 31, 2020. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on August 14, 2020. No later than August 21, 2020, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

### JOINT CLAIM CONSTRUCTION BRIEF

  I.   Agreed-upon Constructions

  II.  Disputed Constructions

A. [TERM 1]
    1. Plaintiffs Opening Position
    2. Defendant's Answering Position
    3. Plaintiffs Reply Position
    4. Defendant's Sur-Reply Position

B. [TERM 2]
    1. Plaintiffs Opening Position
    2. Defendant's Answering Position
    3. Plaintiffs Reply Position
    4. Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

11. <u>Hearing on Claim Construction</u>. Beginning at 9:00 a.m. on September 21, 2020 the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

12. <u>Disclosure of Expert Testimony</u>.

   a. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before January 15, 2021. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before February 12, 2021. Reply expert reports from the party with the initial burden of proof are due on or before March 5, 2021. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before April 9, 2021.

   b. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

13. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before May

7, 2021. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

14. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. <u>Pretrial Conference</u>. On September 24, 2021 the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 8:30 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

16. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

11

17.  **Jury Instructions, Voir Dire, and Special Verdict Forms**. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

18.  **Trial**. This matter is scheduled for a 5-day jury trial beginning at 9:30 a.m. on ~~November~~ October 18, 2021, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a number of hours in which to present their respective cases.

19.  **ADR Process**. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

_____
UNITED STATES DISTRICT JUDGE